*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-AA-0772

DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS and
DISTRICT OF COLUMBIA OFFICE OF RISK MANAGEMENT, PETITIONERS,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT,

and

DAVID FANT, INTERVENOR.

On Petition for Review of an Order of the
District of Columbia Department of Employment Services
Compensation Review Board
(2021-CRB-000062)

(Argued October 24, 2023                    Decided December 27, 2023[*])

*Alex Fumelli*, Assistant Attorney General, with whom *Brian L. Schwalb*, Attorney General for the District of Columbia, *Caroline S. Van Zile*, Solicitor General, *Ashwin P. Phatak*, Principal Deputy Solicitor General, and *Carl J. Schifferle*, Deputy Solicitor General, were on the brief, for petitioners.

*Harold L. Levi* for intervenor.

Before EASTERLY, MCLEESE, and SHANKER, *Associate Judges*.

---

[*] The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment.  It is now being published upon the court's grant of petitioners' motion to publish.

MCLEESE, *Associate Judge*: Petitioners District of Columbia Department of Corrections ("DOC") and District of Columbia Office of Risk Management ("ORM") challenge an order reinstating intervenor David Fant's workers' compensation benefits. We vacate the order and remand for further proceedings.

## I. Factual and Procedural Background

The pertinent facts appear to be undisputed for present purposes. Mr. Fant began working at DOC in 1976. In 1989, Mr. Fant injured his back while working. He subsequently received temporary total disability benefits and related medical benefits pursuant to the workers' compensation program for District of Columbia employees injured during the course of employment. D.C. Code § 1-601.1 et seq. In 1992, Mr. Fant applied for federal disability retirement benefits. He was eligible for a federal retirement annuity because the federal government operated DOC when Mr. Fant began working for DOC. Although he was approved for a federal disability retirement annuity in 1993, Mr. Fant elected at that time to receive D.C. workers' compensation benefits in lieu of federal benefits.

Mr. Fant continued to receive D.C. workers' compensation benefits until 2007. When he accepted a position as a security guard, however, ORM terminated Mr. Fant's D.C. workers' compensation benefits. Mr. Fant then activated his federal retirement annuity, effective August 2007.

Mr. Fant soon left the position as a security guard, due to pain that made it difficult to perform his job duties. He then challenged the termination of his D.C. workers' compensation benefits. In August 2008, an Administrative Law Judge ("ALJ") determined that the security-guard position exceeded Mr. Fant's physical capabilities and ordered the reinstatement of Mr. Fant's D.C. workers' compensation benefits.

Mr. Fant received both a federal retirement annuity and D.C. workers' compensation benefits until 2017, when ORM terminated his D.C. workers' compensation benefits on the ground that Mr. Fant's receipt of federal disability benefits rendered Mr. Fant ineligible to receive D.C. workers' compensation benefits.

Mr. Fant challenged ORM's decision in two ways. First, as directed in the decision, he appealed to ORM's Chief Risk Officer ("CRO"). Second, Mr. Fant requested an evidentiary hearing before an ALJ with the Office of Administrative Hearings ("OAH").

The CRO affirmed ORM's decision, concluding that, under D.C. Code § 1-623.16(a), Mr. Fant could not receive "salary, pay, or remuneration" from the District while simultaneously receiving workers' compensation benefits. The CRO concluded that this "prohibition extends to the receipt of retirement benefits,

including Federal retirement benefits, payable as a result of District government employment."

Mr. Fant challenged the CRO's decision in Superior Court. The Superior Court initially upheld the CRO's interpretation of Section 1-623.16(a). On reconsideration, however, the Superior Court agreed with Mr. Fant that OAH had exclusive jurisdiction to review ORM's decision, and the Superior Court therefore dismissed the case before it.

Although DOC and ORM took the position in Superior Court that the authority to review ORM's decision lay with the CRO and the Superior Court, rather than the ALJ and the Compensation Review Board ("CRB"), DOC and ORM did not appeal the Superior Court's order dismissing the case.

In the proceeding before OAH, the ALJ reinstated Mr. Fant's D.C. workers' compensation benefits. The ALJ acknowledged that D.C. Code § 1-623.16(a-1), which was added in 2010, seemingly barred Mr. Fant from receiving D.C. workers' compensation benefits because Mr. Fant was employed by the District of Columbia before October 1, 1987, and was currently receiving disability retirement benefits from the federal government. The ALJ reasoned, however, that before Section 1-623.16(a-1)'s adoption, the public-sector workers' compensation statute "did not specifically prohibit a District of Columbia employee from receiving [D.C. workers' compensation] benefits at the same time he or she was receiving retirement

disability pay under the federal government civil service disability retirement system." Therefore, the ALJ ruled that Mr. Fant was eligible to receive both federal disability benefits and D.C. workers' compensation benefits under the pre-2010 version of the statute. The ALJ also ruled that applying the current version of the workers' compensation statute to Mr. Fant's D.C. workers' compensation benefits— first awarded in 1989 and then reinstated in 2008—would be an impermissible retroactive application of the statute.

The CRB affirmed the ALJ's order. First, the CRB noted that although ORM and DOC had argued in the Superior Court case that the Superior Court, rather than OAH and the CRB, had jurisdiction to review ORM's decision, ORM and DOC had not raised that jurisdictional challenge before the CRB. The CRB therefore did not address the jurisdictional issue. Second, the CRB upheld the ALJ's analysis that the pre-2010 version of the public-sector workers' compensation statute did not forbid simultaneous receipt of federal disability retirement benefits and D.C. workers' compensation benefits. Third, the CRB agreed with the ALJ that application of the current version of the public-sector workers' compensation statute to post-2010 payments would give the statute impermissible retroactive effect.

## II. Analysis

We review a decision of the CRB to determine whether the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

law." *Reyes v. D.C. Dep't of Emp. Servs.*, 48 A.3d 159, 164 (D.C. 2012) (internal quotation marks omitted). We have often given deference to the CRB's reasonable interpretation of workers' compensation statutes. *E.g.*, *Howard Univ. Hosp. v. D.C. Dep't of Emp. Servs.*, 267 A.3d 1068, 1071 (D.C. 2022). Recent decisions of this court, however, have raised questions about the extent to which the CRB is entitled to deference in its interpretation of workers' compensation statutes. *See Lecea v. D.C. Dep't of Emp. Servs.*, 301 A.3d 734, 739-40 (D.C. 2023). ORM and DOC argue that this court should defer to ORM rather than the CRB. We need not address that issue, however, because the conclusions we reach in this case do not depend on our standard of review.

## A. Jurisdiction

As previously noted, DOC and ORM unsuccessfully argued in the Superior Court that jurisdiction to review ORM's decision was vested in the Superior Court rather than in the ALJ and the CRB. DOC and ORM did not raise that issue before the CRB, however, and they have not raised that issue in this court. Nevertheless, we have an independent obligation to confirm our own jurisdiction before ruling on the merits of a case. *E.g.*, *Nunnally v. D.C. Metro. Police Dep't*, 80 A.3d 1004, 1006 n.4 (D.C. 2013). We conclude that we do have jurisdiction. The CRB has frequently decided public-sector workers' compensation cases, and this court has frequently reviewed such decisions. *E.g.*, *Perry v. D.C. Dep't of Emp. Servs.*, 288 A.3d 300,

300-06 (D.C. 2023). Even if the CRB lacked the authority to review the particular ORM decision at issue in this case, this court ordinarily need not consider alleged jurisdictional defects in an agency's authority that were not properly presented to the agency. *D.C. Hous. Auth. v. D.C. Off. of Hum. Rts.*, 881 A.2d 600, 613 (D.C. 2005) ("[T]he general rule is that even jurisdictional questions must be put to agencies before they are brought to the reviewing court.") (brackets and internal quotation marks omitted). There is a "narrow" discretionary exception to this doctrine, applicable to challenges to the agency's "inherent capacity to act, or where the challenged action is plausibly claimed to be patently in excess of the agency's authority." *Id.* at 612, 613 (citation and internal quotation marks omitted). No party has invoked that discretionary exception in this court, and we see no reason to raise the exception sua sponte. We therefore proceed to decide the case on the merits, without expressing a view as to whether the claim at issue in this case ought to have come to this court by way of the ALJ and the CRB or instead by way of Superior Court.

**B. Post-2010 D.C. Workers' Compensation Benefit Payments to Mr. Fant**

D.C. Code § 1-623.16(a-1), which was enacted in 2010, provides that a District "employee shall not be eligible for [District public-sector workers' compensation benefits] if he or she was employed by the District of Columbia or the federal government before October 1, 1987, and is receiving disability benefits from

the federal government for the same injury." It is undisputed that Mr. Fant was employed by the District of Columbia before October 1, 1987, and that his D.C. workers' compensation benefits and his federal disability benefits arose from the same injury. Thus, once it went into effect in 2010, Section 1-623.16(a-1) by its plain terms appears to bar payments of D.C. workers' compensation benefits to Mr. Fant during the period when he was receiving federal retirement disability benefits.

Mr. Fant argues, however, that applying Section 1-623.16(a-1) to him would be to give that provision a retroactive effect, because doing so would attach new legal consequences to his 1989 work-related injury. We assume without deciding that Mr. Fant is correct on that point.

There is a presumption against giving statutes retroactive effect, but that presumption will yield in the face of sufficiently clear legislative intent. *Metro. Police Dep't v. Pub. Emp. Rels. Bd.*, 301 A.3d 714, 721 (D.C. 2023); *see Apartment & Off. Bldg. Ass'n v. Pub. Serv. Comm'n*, 129 A.3d 925, 932 (D.C. 2016) (statute need not explicitly state that it applies retroactively; "it will suffice if the legislature has made its intent clear") (internal quotation marks omitted); *Nixon v. D.C. Dep't of Emp. Servs.*, 954 A.2d 1016, 1023 (D.C. 2008) ("[L]egislation must be considered as addressed to the future, not to the past[,] unless such be the unequivocal and inflexible import of the statutory terms.") (brackets, ellipsis, and internal quotation

marks omitted). We hold that the text of Section 1-623.16(a-1) itself demonstrates the legislature's unequivocal intent to bar post-2010 D.C. workers' compensation payments to claimants, like Mr. Fant, whose injuries had occurred pre-enactment. Section 1-623.16(a-1) explicitly reaches well back into the past, applying to employees who were working for the District government or the federal government over twenty years before the provision's enactment. Nothing in the provision's text suggests that the legislature was focused only on post-enactment injuries, and many of the employees whom the provision explicitly covers might no longer even have been working for the District government or the federal government when the provision was enacted. We therefore hold that, once it went into effect in 2010, Section 1-623.16(a-1) barred payments of D.C. workers' compensation benefits to Mr. Fant during the period when he was receiving federal retirement disability benefits.

Even where the legislature's intent is clear, there are constitutional limits on the legislature's ability to enact retroactive legislation. *E.g.*, *Metro. Police Dep't*, 301 A.3d at 721. Nevertheless, "constitutional restrictions on retroactivity are of limited scope, and . . . absent a violation of those specific provisions, . . . potential unfairness is not a sufficient reason for a court to fail to give a statute its intended scope." *Id.* (brackets, ellipses, and internal quotation marks omitted); *see also id.* at 721-22 (assuming without deciding that court could disregard legislative intent if

retroactive application of statute would cause "manifest injustice"). Mr. Fant does not argue in this court that there are grounds on which this court could override the legislature's intent. We therefore need not decide that issue. We do observe, however, that we see no obvious basis upon which the court in this case could permissibly override the legislature's intent.

## C. Pre-2010 D.C. Workers' Compensation Benefit Payments to Mr. Fant

The parties dispute whether, even before the enactment of Section 1-623.16(a-1) in 2010, D.C. Code § 1-623.16(a) already barred Mr. Fant from simultaneously receiving D.C. workers' compensation benefits and federal disability benefits. We have no occasion to decide that issue. The ORM decision at issue in this case halted future payments to Mr. Fant of D.C. workers' compensation benefits as of 2017. For the reasons we have explained, that ORM decision was lawful in light of the 2010 enactment of Section 1-623.16(a-1). We therefore reverse the judgment of the CRB and remand for entry of an order affirming ORM's decision.

Up to this point in the present case, ORM has not sought repayment from Mr. Fant of any D.C. workers' compensation benefits already paid to Mr. Fant. We express no view as to whether the District would be entitled to obtain such repayment if it were sought. *See generally* D.C. Code § 1-623.29 (establishing procedures and

standards governing recovery of overpayments of public-sector workers' compensation benefits); 7 D.C.M.R. § 133 (same).

For the foregoing reasons, we vacate the order of the CRB and remand for entry of an order upholding ORM's 2017 order terminating payment of future D.C. workers' compensation benefits to Mr. Fant.

*So ordered.*